## OHIO SUPREME COURT—Continued

### No. 343
### JEREMIAH FERGUSON v. LAURENCE J. CRAWFORD et al

No. 18585, docketed in Supreme Court April 15, 1924.　17 Abs. 274.

Error to Hancock County Appeals

SCHOOLS AND SCHOOL HOUSES—Eligibility of member of board to become superintendent of construction on new building.

The action below was brought in the Hancock Common Pleas to enjoin the performance of a contract made by the City Board of Education with a retiring member, whereby such member was to superintend construction work on the basis of a per cent of the cost of construction. The Common Pleas dismissed the petition upon its merits, and the Court of Appeals affirmed the judgment, and a motion is filed by the plaintiff to secure a review in the Supreme Court. The facts are in substance as follows:

For several years Crawford had been an active member of the Findlay Board of Education, and chairman, if not sole committee on building and grounds. In the summer of 1923 the board determined upon the erection of several buildings to cost nearly half a million dollars. One of them, an annex to the Central High School, was contracted for and the work of erection had begun, and Mr. Crawford was an active official in the project and the negotiation of the building contract.

After the contract for this was executed and performance entered upon, Mr. Crawford resigned from the board, and at the same meeting, and before his successor was appointed or qualified, he made a contract with the surviving members, whereby he was to be employed as superintendent of this building enterprise on a basis of one and one-half per cent of the cost of construction, involving on that one building alone something over $4,000. This contract was made without competitive bidding or advertisement and was by a disorganized board at the same meeting and as practically a part of the official transaction wherein he resigned from the board. Plaintiff's contention is:

1. That this contract was illegal. The statute requires that contracts of this magnitude must be made on advertisement and competitive bidding.

2. It is opposed to public policy that a public officer shall profit or advantage in any degree, or at any time, from a contract or enterprise in which he participated while acting as such officer.　12910-12912 GC.

3. When Crawford resigned from the board, that official body was disrupted and ceased to be a legal board. In a matter of so much concern as employing a superintendent to supervise a half million dollars worth of building, the District was entitled to the judgment of a full board as legally constituted. When Crawford resigned there was no board competent to act until his successor was appointed and qualified, and this contract was not made by competent authority.

Attorneys—George H. Phelps, Findlay, for Ferguson; Charles A. Blackford and William J Snook, Solicitor, Findlay, for Crawford.

# A BIRDSEYE VIEW OF THROCKMORTON

### New General Legal Form Book Cites Ohio Code

### Superb Work Ready. Why You Should Have It :

1. It is linked up closely with current law of Ohio, being issued in 1924.

2. Nothing is safe today that does not give Land Bank, Automobile, Labor Agreements, the law of the last 10 years, including Farm Oil, Gas and Mining.

3. Birdseye gives instructions for execution of wills in all States, including Ohio.

4. In contains Ohio bill of sale form on automobiles, quitclaim deed, chattel mortgage, special warranty deed with release of dower, mortgage and oil or gas lease.

5. Cleveland Garment Workers' agreement and over 200 pages (the biggest space ever devoted) to Labor Contracts.

6. Has 2500 subject headings, 24,000 references, nearly 2400 pages.

**You Should Have This Work Because**

### IT IS PREVENTIVE LAW

IT MAKES MONEY FOR YOU

IT SAVES MONEY FOR YOUR CLIENTS

Sold by

# W.HOWARD HAYNES

2080 E. 107th STREET　　CLEVELAND, O.

Telephone Garfield 4792-W

"I HELP YOU WIN"